United States District Court
Southern District of Texas

**ENTERED**

July 06, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN T. JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | CIVIL ACTION NO. 4:22-cv-3166 |
| | § | |
| CVS PHARMACY, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is Defendant CVS Pharmacy, Inc.'s ("Defendant" or "CVS Pharmacy") Motion to Dismiss for Want of Prosecution (Doc. No. 6). Plaintiff Melvin T. Jackson ("Plaintiff" or "Jackson") has not responded to either motion in a timely manner and has yet to respond in any fashion. In addition to presenting no opposition to dismissal, Plaintiff also appears to have abandoned the lawsuit. (Doc. No. 5). After considering the motions and applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

### I.   Background

Plaintiff originally filed this lawsuit *pro se* in the 127th Judicial District Court of Harris County, Texas. (*See* Doc. No. 1). The case appears to center upon alleged injuries he sustained at a CVS store located in Houston, Texas. (Doc. No. 1-3). Defendant removed the case to this Court. (*See* Doc. No. 1).

After removing the case to this Court, Defendant allegedly attempted to confer with Plaintiff to comply with the requirements set forth in the Order Setting Conference (Doc. No. 2), but was unable to do so, so it submitted its own Case Management Plan and Proposed Scheduling

Order. (Doc. Nos. 4, 4-1, 6). On October 19, 2022, the Court held an initial pre-trial conference, but Plaintiff was not in attendance. (Doc. No. 5). Since this initial pre-trial conference, Defendant has made numerous attempts to contact Plaintiff, but has not received a response. (Doc. No. 6 at 2). Plaintiff has failed to respond in any fashion to either motion and has not participated in the lawsuit since the case was removed to this Court on September 15, 2022.

## II.    Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

2

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III.   Discussion

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendants' motions would be improper.

This Court grants Defendants' motion to dismiss because Plaintiff has failed to prosecute the lawsuit and appears to have abandoned it. Since this case was removed to this Court on September 15, 2022, Plaintiff has not participated in the lawsuit. Attempts to reach, communicate, and contact Plaintiff by Defendant and this Court have all been unsuccessful (Doc. No. 5). Plaintiff did not appear at the initial conference on October 19, 2022. (*Id.*). Plaintiff's phone is reportedly disconnected and certified mail was returned. (*Id.*). Moreover, the Magistrate Court's Case Manager also unsuccessfully attempted to contact Plaintiff prior to the Initial Conference scheduled on January 11, 2023. (*Id.*).

Accordingly, Plaintiff's lawsuit should be dismissed based on Southern District of Texas's Local Rules and a failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and this case is dismissed without prejudice.

Signed at Houston, Texas, this 6 day of July, 2022.

Andrew S. Hanen
United States District Judge